ALBERT PETE VEENSTRA, III, #21864
ISCC-S-13-C
POB 70010
Boise, Id 83707

MIGUEL CHARLES JOYNER #24330
ISCC-S-6-C
POB 70010
Boise, Id 83707

JEFFREY BOYD ASH #107954
ISCC-S-18-B
POB 70010
Boise, Id 83707

WILLIAM JERMAINE FLETCHER #109593
ISCC-S-10-C
POB 70010
Boise, Id 83707

PLAINTIFFS Pro se

U.S. COURTS
JUL 16 2015
Rcvd_____ Filed_____ Time_____
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

*******

ALBERT PETE VEENSTRA, III, MIGUEL CHARLES JOYNER, JEFFREY BOYD ASH, WILLIAM JERMAINE FLETCHER, AND ALL THOSE SIMILARLY SITUATED UNDER THE CARE, CUSTODY AND CONTROL OF THE IDAHO STATE BOARD OF CORRECTIONS (ISBC) AND IDAHO DEPARTMENT OF CORRECTIONS (IDOC)

PLAINTIFFS,

v.

IDAHO STATE BOARD OF CORRECTION, IDAHO DEPATRMENT OF CORRECTION, BOTH EXECUTIVE DEPARTMENTS OF THE STATE OF IDAHO;, DEBBIE FIELD, DAVID McCULSKY, CINDY WILSON, APPOINTED MEMBERS OF THE ISBC SUED IN THEIR OFFICIAL CAPACITIES;, RONA SIEGERT HEALTH SERVICES DIRECTOR FOR IDOC SUED IN HER OFFICIAL CAPACITY,

DEFENDANTS.

Case No 1:15-cv-270-REB

PRISONERS CIVIL RIGHTS COMPLAINT
42 U.S.C. § 1983

JURY TRIAL DEMAND

NOTICE OF NON CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE TO CONDUCT ANY PROCEEDINGS IN THIS CASE

REQUEST FOR CERTIFICATION AND OR ASCERTAINABILTY OF CLASS

REQUEST FOR PRELIMINARY INJUNCTION

REQUEST TO PROCEED IN FORMA PAUPERIS

## COMPLAINT WITH JURY DEMAND

Introduction

This is is a Civil Rights Action filed by Plaintiffs, Albert Pete Veenstra, III, (Hereafter Veenstra), Miguel Charles Joyner (Hereafter Joyner), Jeffrey Boyd Ash (Hereafter Ash), and William Jermaine Fletcher (Hereafter Fletcher). All Plaintiffs are State prisoners and all were prisoners housed at Idaho State Correctional Institution main-site (Hereafter ISCI) and were afforded certain Due Process Rights, under the Class Action Law Suit Titled Balla v. State Board of Corrections, Case # CV-81-1165-BLW (Hereafter Balla). All Plaintiffs have since been transferred off the ISCI, at the time of this filing all Plaintiffs are housed at Idaho State Correctional Center (Hereafter ISCC).

Plaintiffs 42 U.S.C. §1983, is alleging a violation of the Due Process and Equal Protection Clause of the 14th. Amendment of the U.S.C.

Specifically all plaintiffs allege that the ISBC and IDOC are denying plaintiffs Due Process and Equal Protection, by denying plaintiffs the Right to review their Medical Records, after plaintiffs were moved off the ISCI main-site. A Due Process Right that all plaintiffs were entitled to at ISCI. The ISBC and IDOC has created a two tier system, with Due Process Rights for some State Prisoners but not for others. Violating the Equal Protection Clause of the 14th. Amemd. U.S.C.

Plaintiffs are seeking Injunction Relief under 42 U.S.C. §1983, and also seek Class Certification and or Ascertainability for the Class, to ensure equality for all inmates under the care custody and control of the ISBC and IDOC.

Plaintiff Class have been arbitrarily and irrationally treated differently from others similarly situated and no rational basis for the different treatment exists.

## JURISDICTION

1. The United States District Court for the District of Idaho has jurisdiction over Plaintiffs claims under: 42 U.S.C. § 1983; Plaintiffs also request the federal court to exercise supplemental jurisdiction over any state law claims under: 28 U.S.C. § 1367.

## Parties

2. Plaintiff Albert Pete Veenstra,III, was housed at the ISCI from 01/25/2011, until 11/18/2014.

3. Plaintiff was a Balla Rep. in 2012 until November 2014.

4. Plaintiff was removed unopposed as a Balla Rep. around 12/2014.

5. Plaintiff assisted Plaintiffs Joyner and Ash, as a Balla Rep. at ISCI.

6. Plaintiff was approached by Joyner and Ash, when they saw plaintiff at ISCC, requesting help from plaintiff.

7. Plaintiff has been told by both Joyner and Ash that they were afraid that their medical records were being altered, because IDOC and Corizon Medical were not doing what they said that they would do when Joyner and Ash were at ISCI. or ICIO.

8. Plaintiff instructed both Joyner and Ash, to request to review their medical records, and that plaintiff was no longer a Balla rep. and that was all he could suggest.

9. Plaintiff was told by Ash that he had requested and been granted the right to review his medical records through Balla but was moved off ISCI before IDOC scheduled him to review them.

10. Plaintiff told both Joyner and Ash, that he had sat in on many of meetings as a Balla rep. and that IDOC employee Joe Cordona acknowledged and admitted on the record that IDOC and Corizon employees had altered inmates medical records in the past,and that plaintiff would not put it past them to do it here after all they are the same people. Plaintiff told them that the inmates whos records were altered names were Tom Wilson and Rick Storm.

11. Plaintiff also told both Joyner and Ash and also Plaintiff

Fletcher about a whistle blower law suit file against IDOC[1]. employees Wamble-Fisher and a Dr. Craig, who were also found guilty of altering and tampering with inmates medical records.

12. Plaintiff was asked by Fletcher how he could review his medical records, because he has heart problems and IDOC and Corizon won't tell him anything except that all if fine, and that was not what he was told at Northern Idaho Correctional Institution, (hereafter NICI) after he was sent to the emergency room, in Washington State for EKG's and xrays. In December 2013.

13. Plaintiff told Fletcher to send a concern form to the ISBC Members and that they might allow him his Due Process Right under Balla to review his medical records, because ISBC is the Defendant in the Balla Law Suit, and that IDOC is not allowing inmates those rights here at ISCC.

14. Plaintiff sent a concern form to ISCC medical on 06/23/2015, requesting to review his medical records, his request was denied on 06/26/2015, plaintiff filed a grievance on 06/26/2015, grievance # IC-00834, and is in the process of exhausting his administrative remedies, at the time of this filing.

15. Defendants, Debbie Field, David McClusky, and Cindy Wilson are all members of the Idaho State Board of Corrections, and being sued in their Official Capacities. All were ISBC Members at the time of the alleged Constitutional Violation.

16. All Defendants were given actual constructive knowledge, but failed to protect plaintiffs rights. See: Joyner Affidavit.

17. Defendant Rona Siegert, Health Services Dir. for IDOC is being sued in her Official Capacity, Rona Siegert is the party who denied plaintiffs grievance for IDOC.

18. Plaintiff also informs this Court that Idaho Deputy Attorney Generals Mark Kubinski or Colleen Zahn, were present at the meeting referred to in #10, where Joe Cordona, admitted that IDOC and Corizon had in fact tampered with medical records.

19. Plaintiffs specific claim is: Denial of Due Process and Equal Protection, a violation of the 14th. Amendment of the U.S.C. By denying equal protection to review medical records.

fn.1   See: DIANA CANFIELD v. IDOC & DOES 1-20,
         Case No.: CV-OC-1223603
         FOURTH JUDICIAL DISTRICT FOR ADA COUNTY
         STATE OF IDAHO

## Parties

20. Plaintiff Miguel Charles Joyner was housed at ISCI, from April 2009 until January 2014.

21. Plaintiff was moved to the Idaho Correctional Center (Hereafter ICC) around April or May 2014.

22. Plaintiff got an eye injury in April or May 2014 during a sporting event at ICC, and was taken off-site after the injury to see an Eye Specialist.

23. Plaintiff was later moved to Idaho Correctional Institution Orofino (Hereafter ICIO) and seen an Eye Specialist while at ICIO, who recommended Medical and Plaintiff, that he see an Eye Nerve Specialist. On 01/05/2015.

24. Plaintiff was placed back at ISCC around 01/12/2015, and seen plaintiff Veenstra, and told him about his medical issues, and his fear that IDOC or Corizon removing the recommendation to see an Eye Nerve Specialist out of his medical record.

25. Plaintiff was told by Veenstra that he was no longer a Balla rep. but to concern medical and request to review his medical records.

26. Plaintiff sent in a concern form requesting to review his medical records, it was denied.

27. Plaintiff grieved the denial, and has exhausted his Admin. remedies, Grievance # IC-15-0413.

28. Plaintiff was told by Veenstra that IDOC Employee Joe Cordona admitted in Balla meeting that IDOC and Corizon had in fact altered or changed medical records, at ISCI. Veenstra also told plaintiff about a Whistle Blower law suit against Wamble-Fisher and a Dr.Craig , who were also found guilty of tampering with inmates medical records. All IDOC Officials.

29. Defendants Debbie Field, David McClusky, and Cindy Wilson are all members of the Idaho State Board of Corrections and being sued in their Official Capacities. All were ISBC Members at the time of the alleged Constitutional Violations.

30. Defendants were given Actual Constructive Knowledge, by plaintiff, in the form of a Letter/Affidavit, but failed to protect plaintiffs rights.

31. Defendant Rona Siegert, Health Services Director for the IDOC is being sued in her Official Capacity, Rona Siegert, is the Party who denied Plaintiffs Grievance # IC-15-0413, for IDOC.

32. Plaintiffs Specific claim is: Denial of Due Process and Equal Protection, a Violation of the 14th. Amendment of the U.S.C. By denying equal protection to review medical records.

**Parties**

33. Plaintiff Jeffrey Boyd Ash was housed at ISCI from September 2013 until October 9, 2014.

34. Plaintiff was diagnosed with Celiac Disease, by a biopsy performed in 1973. IDOC began providing him with gluten free special provision medical diet shortly after he arrived into custody, in June 2013.

35. Plaintiff had many problems at ISCI, with keeping his special diets authorized and at times became very sick, from IDOC failure to renew his special medical diet.

36. Plaintiff was moved from ISCI on 10/09/2014, to SICI, but still did not receive his special diet meals.

37

38. Plaintiff requested to review his medical records while he was at SICI by concern form but was denied.

39. Plaintiff grieved the denial and has exhausted all admin. remedies, grievance # SI-14-0274.

40. Plaintiff was then moved to ISCC on 03/12/2015.

41. Plaintiff saw Veenstra, and knowing that he was a Balla Rep. talked to him about his medical issues. Veenstra told him that he was no longer a Balla rep. and that all he could suggest was to concern medical at ISCC and that maybe they would let him review his records.

42. Plaintiff concerned ISCC medical and was denied Plaintiff did not grieve the denial for fear that he would get a DOR for answer shopping, for already being denied for the same issue.

43. Defendants Debbie Field, David McClusky, and Cindy Wilson are all members of the Idaho State Board of Corrections, and being sued in their Official Capacities. All were members of the ISBC at the time of the alleged Constitutional Violations.

44. All Defendants were given actual constructive knowledge but failed to protect Plaintiffs rights. See: Joyner Affidavit.

45. Defendant Rona Siegert, Health services dir. for the IDOC is being

sued in her Official Capacity, Rona Siegert is the party who denied Plaintiffs Grievance # SI-14-0274.

46. Plaintiffs Specific Claim is: Denial of Due Process and Equal Protection, a Violation of the 14th. Amendment of the U.S.C. By denying equal protection to review medical records.

Parties

47. Plaintiff William Jermaine Fletcher was housed at ISCI from 11/14/2013 until 12/01/2013.

48. Plaintiff was then moved to NICI, on 12/02/2013.

49. Plaintiff while at NICI suffered from sever heart problems and chest pain around 12/21/2013, and was rushed off-site to an E.R.

50. Plaintiff while at NICI, was again scheduled for an off-site appointment, and was told that he had a growth around his heart by the off-site Doctor.

51. Plaintiff was then moved to ICIO, on 01/03/2014, and was told by Corizon Medical that an MRI. EKG, and Xrays were to be performed, but then after seeing a Nurse and the Nurse not doing anything but looking at his Medical Records came to the conclusion that Plaintiff only "pulled a muscle, which was contrary to what he was told by off-site Doctor. See: #50.

52. Plaintiff moved back to ISCI, on 01/14/2014, and while plaintiff was in medical he overheard Veenstra talking medical issues.

53. Plaintiff then told Veenstra about his medical issues and Veenstra told Plaintiff to submit a concern form to medical and he would be permitted to review his medical records.

54. Plaintiff did as told and submitted a concern form requesting medical to allow him to review his medical records, around Mid April.

55. Plaintiff was then moved to ISCC, on or about 04/21/2014, before he was scheduled to see his records, Plaintiff never received his concern form back either.

56. Plaintiff is housed with Veenstra at ISCC and asked Veenstra how he could review his medical records now that he was at ISCC, Veenstra, suggested that maybe he should concern the ISBC, and that maybe they would permit him to look at them, because the ISBC is the party named as Defendants in Balla.

57. Plaintiff sent a concern form to the ISBC on 06/26/2015, requesting to review his medical records, was denied, filed a grievance on 07/03/2015, and is in the process of exhausting his Admin. remedies grievance # IC-00850.

58. Defendants, Debbie Field, David McClusky, and Cindy Wilson are all members of the Idaho State Board of Corrections and being sued in the Official Capacities, All were Members of the ISBC, at the time of the alleged Constitutional Violation.

59. All Defendants were given actual constructive knowledge, but failed to treat prisoners equal. See: Joyner Attachments.

60. Defendant Rona Siegert, Health Services Director, for the IDOC is being sued in her Official Capacity handles Medical grievances for the IDOC.

61. Plaintiffs Specific Claim is: Denial of Due Process and Equal Protection, a violation of the 14th. Amendment of the U.S.C. By denying equal protection to review medical records.

**Statement of Claim**

62. At all relevant times herein, Defendants were Employees of the State of Idaho, for purposes of 42 U.S.C. § 1983, and deprived Plaintiffs of their federal right as set forth.

**Statement of Facts**

63. Plaintiffs, Veenstra, Joyner, Ash, and Fletcher Claims are typical to each other, they all share a "common element". Denial of Due Process and Equal Protection Clause of the 14th. Amendment of the U.S.C.

64. All Plaintiffs facts are stated at this time are stated, in the "parties" sections of this Complaint.

**Damages or Injuries**

65. The denial of Equal Protection is the Damage. Inmates are not treated the same at ISCC, and other Idaho Prisons, and are treated as second class inmates.

**Previous or Pending Lawsuits**

66. Plaintiff Veenstra, has nothing pending, has filed a 42 U.S.C. § 1983, Veenstra v. CCA, in 2009, does not have case #.

67. Plaintiff Joyner, has one suit pending, Joyner v. B. Christon, et,al. Case # 1:15-0196-CWD. Nothing previous.

68. Plaintiff Ash has no previous, and nothing pending.

69. Plaintiff Fletcher, has two lawsuits pending, Fletcher v. Corizon Health Services, 1:14-CV-0532-CWD. and Fletcher v. Ada County Sheriff Dept. & Deputy Marquardt, # 1:15-CV-029REB.

70. None of the above lawsuits are of the same subject matter as this present lawsuit.

## Prayer for Relief

71. Plaintiffs request an Order declaring that the Defendants have acted in violation of the United States Constitution.

72. Plaintiffs request a Preliminary injunction compelling Defendants to start allowing all Prisoners Equal Protection as Prisoners have at ISCI, under "Balla" by allowing Prisoners to review their medical records, who are under the care, custody, and control of the ISBC and IDOC, including but not limited to: Idaho Correctional Institution- Orofino,ICIO, Idaho Maximum Security Institution IMSI, North Idaho Correctional Institution Cottenwood NICI, Pocatello Womens Correctional Center PWCC, St.Anthony Work Camp-St.Anthony, South Idaho Correctional Center SICI, South Boise Women's Correctional Center SBWC, Idaho State Correctional Center ISCC, Correctional Alternative Placement Program CAPP, and all County Jails that the ISBC and IDOC, have transfered Idaho Prisoners to, to include all out of State Prisoners as well, male and female alike.

73. Plaintiffs request a Preliminary injunction compelling Defendants to implicate Equal Protection and "Balla" Class status for all Prisoners under the care, custody, and control of the ISBC and IDOC, that are in compliance with the Balla Stipulations pertaining to Mental Health and Medical, that Prisoners are protected by at ISCI, under "Balla" providing Equality for all Idaho Prisoners both male and female.

74. Plaintiffs request the Court to Grant Class Certification and or Ascertainability.

75. Plaintiffs request that two more Class Representatives be appointed, for a total of three. To assist in litigation.

76. Plaintiffs request that if Plaintiffs prevail in any way in this lawsuit, that they be reimbursed for their cost, to include filing fee, half the cost of a typewriter, copies, paper, postage, typing ribbons, correction tape, case law, and any other unforeseen cost. From Defendants.

## Request for Appointment of Attorney

77. Plaintiffs request that an attorney be appointed to represent plaintiffs in this matter.

**Declaration Under Penalty of Perjury**

Plaintiffs declare under penalty of perjury:

That they are the Plaintiffs in this action, and that all have read the complaint, and that the information contained in the complaint is true and correct to the best of their knowledge. 28 U.S.C. §1746; 18 U.S.C. §1621; and that lead Plaintiff Veenstra deposited this complaint postage prepaid in the ISCC, Legal Mail Box, for mailing and filing with the Clerk of this Court.

Executed at ISCC, this 14 day of July, 2015.

Albert Pete Veenstra III
IDOC #21864

Miguel Charles Joyner
IDOC #24330

Dated 7-10-15

Jeffrey Boyd Ash
IDOC #107954

Dated 7/10/15

William Jermaine Fletcher
IDOC #109593

Dated 07/10/15