UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT PETE VEENSTRA, III; MIGUEL CHARLES JOYNER; JEFFREY BOYD ASH; WILLIAM JERMAINE FLETCHER,<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO STATE BOARD OF CORRECTION; IDAHO DEPARTMENT OF CORRECTION; DEBBIE FIELD, DAVID McCLUSKY, and CINDY WILSON, appointed members of the ISBC sued in their official capacities; and RONA SIEGERT, Health Services Director for IDOC sued in her official capacity,<br><br>Defendants. | Case No. 1:15-cv-00270-EJL<br><br>**INITIAL REVIEW ORDER** |

Albert Pete Veenstra, Miguel Charles Joyner, Jeffrey Boyd Ash, and William Jermaine Fletcher ("Plaintiffs") filed the instant civil action under 42 U.S.C. § 1983. The Clerk of Court conditionally filed Plaintiffs' Complaint as a result of their status as prisoners in the custody of the Idaho Department of Correction (IDOC). The Court now reviews the Complaint to determine whether it should be dismissed, in whole or in part,

**INITIAL REVIEW ORDER - 1**

pursuant to 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order identifying this case as potentially appropriate for pre-answer mediation.

## REVIEW OF COMPLAINT

### 1.    Factual Allegations

Plaintiffs were previously incarcerated at Idaho State Correctional Institution (ISCI), where they were allowed to view their medical records under a settlement agreement in another civil case involving prison conditions at ISCI. (Compl., Dkt. 2, at 2.) Plaintiffs were then transferred from ISCI to the Idaho State Correctional Center (ISCC), where they presently reside. Plaintiffs assert that, since their transfer to ISCC, they have not been allowed to view their medical records. They claim that Defendants' refusal to allow them to view their medical records at ISCC violates their rights to due process and equal protection. (*Id.*)

Plaintiffs have named as Defendants the Idaho State Board of Correction, three members of that board, the IDOC, and the Health Services Director of the IDOC. Plaintiffs seek declaratory and injunctive relief.

### 2.    Standard of Law for Summary Dismissal

The Court is required to review complaints filed in forma pauperis, or complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious

**INITIAL REVIEW ORDER - 2**

claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiffs bring their claims under 42 U.S.C. § 1983, the civil rights statute. To state a valid claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by the conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

3.      **Claims Against Particular Defendants**

   A.      *State Entity Defendants*

Plaintiffs sue the Idaho State Board of Correction and the IDOC. (Dkt. 2 at 1.) However, the Eleventh Amendment prohibits a federal court from entertaining a suit

brought by a citizen against a state. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, neither the Idaho State Board of Correction nor the IDOC is an appropriate defendant in this action.

### B.     The Individual Defendants: Field, McClusky, Wilson, and Siegert

The Eleventh Amendment does not bar suits for prospective injunctive relief filed against state officials. Thus, a plaintiff may seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *Ex Parte Young*, 209 U.S. 123, 157-58 (1908); *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

Plaintiffs' allegations do not support a plausible inference that Defendants Field, McClusky, and Wilson, all members of the Idaho State Board of Correction, have direct responsibility with respect to allowing prisoners to view their medical records at Idaho prisons other than ISCI. *See Ex Parte Young*, 209 U.S. at 157-58; *Rounds*, 166 F.3d at 1036. Plaintiffs' vague statement that these Defendants "were given actual constructive knowledge, but failed to protect plaintiffs [sic] rights" is insufficient to establish that these three individuals are appropriate defendants for Plaintiffs' injunctive relief claims. (Dkt. 2 at 5.)

However, it appears that Defendant Siegert, as Health Services Director for the IDOC, might be an appropriate individual against whom Plaintiffs may assert claims for

**INITIAL REVIEW ORDER - 4**

injunctive relief. Therefore, Defendant Siegert is the only Defendant against whom Plaintiffs may proceed at this time.

**4.     Due Process Claims**

The Due Process Clause of the Fourteenth Amendment protects two distinct but related rights. The right to *procedural* due process prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974). Within the prison context, liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

If a prisoner possesses a protectable liberty interest, then a court must consider the process to which the prisoner is due. This determination must be made on a case-by-case basis. *Wolff v. McDonnell*, 418 U.S. 539, 560 (1974) ("Consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.") (internal quotation marks and alteration omitted).

The right to *substantive* due process protects individuals from being deprived of certain interests at all, notwithstanding the procedures followed. *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988). A substantive due process violation is one that "shocks the conscience." *Wood v. Ostrander*, 879 F.2d 583, 591 n.8 (9th Cir. 1989). It

**INITIAL REVIEW ORDER - 5**

occurs in a situation in which "the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Sinaloa Lake Owners Ass'n v. City of Simi Valley*, 864 F.2d 1475, 1484 (9th Cir. 1989) (internal quotation marks omitted).

It is unlikely, though not impossible, that Plaintiffs can establish that they possess a liberty interest in having at least some access to their medical records at ISCC and that, therefore, Defendant Siegert's decision not to allow such access—if made without adequate procedural protections—violated Plaintiffs' procedural due process rights. It is also unlikely, though again not impossible, that a refusal to allow an inmate to review his own medical file could be considered arbitrary and unreasonable such that substantive due process might be implicated. Because the issues in this lawsuit are ones in which the state has a clearly identifiable interest—and because being able to access one's own medical history could possibly be considered a basic right—the Court will allow Plaintiffs to proceed on their due process claims at this time.

### 5. Equal Protection Claims

The purpose of the Equal Protection Clause of the Fourteenth Amendment "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (internal quotation marks omitted). Equal protection claims alleging disparate treatment or classifications are subject to a heightened standard of scrutiny

**INITIAL REVIEW ORDER - 6**

when they involve a "suspect" or "quasi-suspect" class, such as race or national origin, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. *See, e.g., City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985). Otherwise, equal protection claims are subject to a rational basis inquiry, which is extremely deferential to state authorities. *See Heller v. Doe*, 509 U.S. 312, 319-20 (1993).

Under the rational basis test, the relevant inquiry is whether the state action is "patently arbitrary and bears no rational relationship to a legitimate governmental interest." *Vermouth v. Corrothers*, 827 F.2d 599, 602 (9th Cir. 1987). An inmate can prevail on this test only if (1) the inmate is similarly situated with persons who are treated differently by the defendant, and (2) the defendant has no rational basis for the dissimilar treatment. "[E]ven where similarly-situated persons are treated differently by the state, state action is presumed constitutional and will not be set aside if any set of facts reasonably may be conceived to justify it." *More v. Farrier*, 984 F.2d 269, 271 (9th Cir. 1993) (internal quotation marks omitted). Absent evidence of invidious discrimination, the federal courts should defer to the judgment of prison officials. *Id.* at 272; *see also Youngbear v. Thalacker*, 174 F. Supp. 2d 902, 916 (D. Iowa 2001) ("There can be no 'negligent' violations of an individual's right to equal protection. . . . There is no evidence from which the court may infer that the defendants' asserted reasons for delaying the construction of a sweat lodge at the [prison] were a pretext for discrimination.").

**INITIAL REVIEW ORDER - 7**

As with their due process claims, Plaintiffs' equal protection claims face an uphill battle, because treating prisoners and their access to medical records differently from those in a separate prison is likely supported by some conceivable rational basis. However, there is a potential argument, though not a strong one, that—absent special institutional safety and security concerns, such as issues with taking prisoners out of their cells to view their medical records—it is patently arbitrary and irrational to allow inmates in only one of IDOC's prisons to access their own medical history. Therefore, as with their due process claims, Plaintiffs may proceed on their equal protection claims at this time.

6.  **Pre-Answer Mediation**

The Court has identified this case as one that may be appropriate for pre-answer mediation. Because mediation is productive only if the parties are willing to attend and negotiate, the Court will refer this case to pre-answer mediation so long as Plaintiffs and Defendant Siegert all indicate that they are interested in participating. If Defendant Siegert or the Plaintiffs prefer not to participate in pre-answer mediation, they shall so notify the Court. The parties must inform the Court of their preferences within 30 days of the date of this Order.

## REQUEST FOR CLASS CERTIFICATION

Plaintiffs have filed a "Motion for Class Certification and/or Ascertainability of the Class." (Dkt. 3.) A district court has broad decision whether to certify a case as a class action. *Kamm v. California City Development Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

**INITIAL REVIEW ORDER - 8**

The Court has reviewed the class certification issue and, based on the factors set forth in Federal Rule of Civil Procedure 23, has determined that class certification is not appropriate.

The prerequisites to a class action lawsuit are the following: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, the claims must meet one of three standards:

    (1)    [P]rosecuting separate actions by or against individual class members would create a risk of:

        (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

        (B)    adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

    (2)    [T]he party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

    (3)    [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

        (A)    the class members' interests in individually controlling the prosecution or defense of separate actions;

**INITIAL REVIEW ORDER - 9**

  (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

  (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

  (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

  The Court finds two major reasons to deny Plaintiffs' request to proceed with a class action suit. First, the extent and nature of this litigation weighs against class certification. *See* Fed. R. Civ. P. 23(b)(3)(B). This case is at a very early stage of litigation. In addition, the standards of law applicable to Plaintiffs' claims are very high and difficult to meet, and it is unclear whether the allegations in the Complaint are meritorious. Managing an inmate class action is an inherently difficult task, which the Court finds is not currently warranted given the uncertainty of the merits of the case. *See* Fed. R. Civ. P. 23(b)(3)(D).

  Second, because Plaintiffs appear to be seeking a change in departmental policy, the injunctive relief sought would generally apply to Idaho prisoners as a whole, whether or not the case proceeds as an individual or class action lawsuit. Thus, there would be no benefit to justify the practical difficulties attending a class action lawsuit with a class of incarcerated people proceeding pro se. In representing themselves and their own interests, Plaintiffs assert constitutional claims which, if proven, could result in injunctive relief benefiting the class of people they seek to represent.

**INITIAL REVIEW ORDER - 10**

In light of these factors, the Court finds that a class action would not be an appropriate vehicle for litigating this case.

### REQUEST FOR PRELIMINARY INJUNCTION

Plaintiffs also seek a preliminary injunction. (Dkt. 4.) The purpose of a Rule 65 preliminary injunction is to preserve the status quo *if* the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions of the parties until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

A preliminary injunction may be granted if the moving party demonstrates the following elements: (1) that the moving party will suffer irreparable injury if the relief is denied; (2) that the moving party will probably prevail on the merits; (3) that the balance of potential harm favors the moving party; and (4) that the public interest favors granting relief. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Dominion Video Satellite v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). The court must deny a request for a preliminary injunction "unless the facts and law clearly favor the moving party." *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (internal quotation marks omitted).

In deciding whether to issue a preliminary injunction, the Court "is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Internat'l.*

**INITIAL REVIEW ORDER - 11**

*Molders' and Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Industries, Inc. v. Tapewriter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)). A court "is not obliged to hold a hearing [on a motion for a preliminary injunction] when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1176 (3rd Cir. 1990).

With nothing before it other than the allegations in the Complaint, the Court cannot conclude that Plaintiffs are likely to prevail on the merits, that they are likely to suffer irreparable injury, or that the balance of hardships or the public interest favors an injunction. Therefore, Plaintiffs' request for preliminary injunctive relief will be denied.

## MOTIONS TO INTERVENE AS PLAINTIFFS

Pending before the Court are various motions to intervene as plaintiffs in this case, filed by five other inmates incarcerated at ISCC. Federal Rule of Civil Procedure 24 governs intervention. The inmates seeking to intervene (Grant Gosch, Kevin Hankins, Michael Lane Sparks, Shane Striker, and Richard Hubbard) do not have an unqualified right to intervene because no federal statute grants them such a right and because they are not "so situated that disposing of the action may as a practical matter impair or impede the movant[s'] ability to protect [their] interests." Fed. R. Civ. P. 24(a). But even if intervention is not required as of right, a district court may permit intervention if the moving party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Permissive intervention is committed to the broad

**INITIAL REVIEW ORDER - 12**

discretion of the district court . . . ." *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

The Court will not permit the moving parties to intervene at this time. As noted previously with respect to Plaintiffs' request for class certification, the inmates seeking to intervene will benefit from any success on Plaintiffs' claims that seek a change in departmental policy, whether or not those inmates are named parties to this action. Further, none of the movants has complied with Rule 24(c), which provides that a motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Therefore, the motions to intervene will be denied.

## REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiffs also seek appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiffs to articulate their claims pro se in light of the complexity of legal issues

**INITIAL REVIEW ORDER - 13**

involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Without more than the bare allegations of the Complaint, the court does not have a sufficient basis upon which to assess the merits of this case at this point in the proceedings. The Court also finds that Plaintiffs have articulated their claims sufficiently and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiffs' request for appointment of counsel.

## CONCLUSION

This Order does not guarantee that any of Plaintiffs' claims will be successful; it merely finds that the Complaint might state a claim for relief, meaning that the Complaint will not be summarily dismissed at this time and that the case is amenable to pre-answer mediation. If mediation is not attempted or is unsuccessful, and the case proceeds past this initial phase, Defendant Siegert may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion. This Order is not intended to be a final or a comprehensive analysis of Plaintiffs' claims.

## ORDER

**IT IS ORDERED:**

1. Plaintiffs may proceed at this time on their due process and equal protection claims against Defendant Siegert. Plaintiffs may not proceed on any other claims against any other Defendants.

2. Plaintiffs' request for appointment of counsel (contained in the Complaint)

**INITIAL REVIEW ORDER - 14**

is DENIED.

3. Because Plaintiff Veenstra has already paid the filing fee for this action, and notified the Court that there is no need for Plaintiffs to be granted in forma pauperis status, Plaintiffs' Application to Proceed in Forma Pauperis (Dkt. 1) is MOOT. (*See* Dkt. 7.)

4. Plaintiffs' Motion for Certification and/or Ascertainability of the Class (Dkt. 3) is DENIED.

5. Plaintiffs' Request for Preliminary Injunction (Dkt. 4) is DENIED.

6. Plaintiffs' Motion for Leave to File Attachments to Plaintiffs' Initial Civil Rights Complaint (Dkt. 8) is GRANTED.

7. Grant Gosch's Motion/Request for Joinder (Dkt. 9) is DENIED.

8. Kevin Hankins's Request/Motion for Joinder (Dkt. 10) is DENIED.

9. Michael Lane Sparks's Request/Motion for Joinder (Dkt. 11) is DENIED.

10. Shane Striker's Request/Motion for Joinder (Dkt. 12) is DENIED.

11. Richard Hubbard's Request for Joinder (Dkt. 13) is DENIED.

12. The Clerk of Court shall forward a copy of the Complaint (Dkt. 2), a copy of the attachments filed by Plaintiffs on August 6, 2015 (Dkt. 8-1), and a copy of this Order to **Mark Kubinski, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho, 83706**, on behalf of Defendant Siegert.

13. Counsel for Defendant Siegert shall file a Limited Notice of Appearance so

that counsel will receive ECF notices in this case. No defenses or objections, including lack of service, shall be waived as a result of filing the Limited Notice of Appearance.

14. **No later than 30 days after entry of this Order, all parties shall notify the Court whether they are willing to participate in pre-answer mediation. If all parties do not agree to pre-answer mediation, then Plaintiffs shall serve Defendant Siegert with a summons and a copy of the Complaint and the attachments to the Complaint (or obtain a waiver of service from Defendant Siegert) within 150 days after entry of this Order**. If all parties indicate that they intend to engage in pre-answer mediation, the Court will issue an order of referral.

DATED: September 21, 2015

Edward J. Lodge
United States District Judge