**LAWRENCE G. WASDEN**
ATTORNEY GENERAL OF IDAHO

**MARK A. KUBINSKI, ISB #5275**
Lead Deputy Attorney General, Department of Correction

**KARIN MAGNELLI, ISB #6929**
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone (208) 658-2097
Facsimile (208) 327-7485
E-mail: mkubinsk@idoc.idaho.gov
E-mail: kmagnell@idoc.idaho.gov

Attorneys for Defendants Field, McClusky, Wilson, and Siegert

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT PETE VEENSTRA, III; MIGUEL CHARLES JOYNER; JEFFREY BOYD ASH; WILLIAM JERMAINE FLETCHER, | Case No. 1:15-cv-00270-EJL |
| Plaintiffs, | **ANSWER** |
| v. | |
| IDAHO STATE BOARD OF CORRECTION; IDAHO DEPARTMENT OF CORRECTION; DEBBIE FIELD, DAVID McCLUSKY, AND CINDY WILSON, appointed members of the ISBC sued in their official capacities; and RONA SIEGERT, Health Services Director for IDOC sued in her official capacity, | |
| Defendants. | |

Defendants Field, McClusky, and Siegert, by and through their counsel of record, the

Idaho Attorney General's Office, hereby answer and respond to Plaintiffs' Prisoner Civil Rights

ANSWER - 1

Complaint (Dkt. 2) and Supplemental Prisoners' Civil Rights Complaint (Dkt. 23) on file in this matter. Defendants deny each and every allegation contained in Plaintiffs' Prisoner Civil Rights Complaint and Supplemental Prisoners' Civil Rights Complaint (collectively referred to as "Complaint") unless specifically and expressly admitted herein. To the extent that the Complaint contains allegations which are not factual averments, but constitute legal conclusions, no answer or response thereto is necessary by Defendants, who reserve the right to challenge any of those legal conclusions or averments set forth in the Complaint.

## PRISONERS' CIVIL RIGHTS COMPLAINT (DKT. 2)

### INTRODUCTION

1.      Any factual allegations in this section of the Complaint are presented as an improper narrative, which does not require a formal response. This section also contains legal conclusions, to which no response is required. As to any remaining statements or allegations in this section, Defendants deny.

### JURISDICTION

2.      Defendants acknowledge that this Court has jurisdiction over properly pled matters involving 28 U.S.C. § 1983.  However, in making this acknowledgement, Defendants do not admit that any such matters are actually properly pled in the Complaint, or the facts set forth in the Complaint actually justify the exercise of such jurisdiction.  Defendants deny that the Court should exercise supplemental jurisdiction, as no state law claims have been raised against Defendants.

### PARTIES

3.      Answering paragraph 2, Defendants admit.

4.      Answering paragraph 3, Defendants admit.

5.      Answering paragraph 4, Defendants admit.

6.      Answering paragraphs 5-9, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

7.      Answering paragraph 10, Plaintiff Veenstra has mischaracterized the statement made by Mr. Cardona at the January 31, 2013, monitoring meeting, and therefore Defendants deny.

8.      Answering paragraph 11, Defendants deny any finding of guilt was made or that any sanction was imposed upon IDOC employees Wamble-Fisher or Dr. Craig by the court based on altering or tampering of inmate medical records. As to any other statements in this paragraph, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

9.      Answering paragraphs 12-13, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

10.     Answering paragraph 14, Defendants admit Plaintiff Veenstra submitted grievance number IC-00384 regarding his request to review his medical records. If further response is required, Defendants deny.

11.     Answering paragraph 15, Defendants admit Defendants Field, McClusky, and Wilson were members of the Idaho Board of Correction ("Board") at all times relevant to the Complaint. Defendants deny any constitutional violations.

12.     Answering paragraph 16, Defendants admit Docket 2-1, p. 1, is a notarized letter from Plaintiff Joyner to Governor Otter, Idaho Attorney General Lawrence Wasden, Idaho State Board of Correction, and Idaho Department of Correction Director Kempf, the content of which

speaks for itself. Defendants deny any allegations contained therein. Defendants deny they failed to protect Plaintiffs' rights.

13.     Answering paragraph 17, Defendants admit.

14.     Answering paragraph 18, see the answer in number 11 to paragraph 10 above. Defendants admit Mark Kubinski was present at the meeting referred to in paragraph 10. Defendants deny Colleen Zahn was present at the meeting referred in paragraph 10.

15.     Answering paragraph 19, Defendants deny.

16.     Answering paragraph 20, Defendants admit Plaintiff Joyner was housed at Idaho State Correctional Institution ("ISCI") from April 2009 until May 2011, and again in August 2013 until January 2014.

17.     Answering paragraph 21, Defendants admit Plaintiff Joyner was moved to the Idaho State Correctional Center (ISCC) in February 2014.

18.     Answering paragraph 22, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

19.     Answering paragraph 23, Defendants admit Plaintiff Joyner was moved to the Idaho Correctional Center in Orofino ("ICIO") September 2014. As to any remaining statements or allegations in this section, Defendants are without sufficient information to confirm or deny the matters asserted, and therefore, deny.

20.     Answering paragraph 24, Defendants admit Plaintiff Joyner was transferred to ISCC in January 2015. As to any remaining statements, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

21.     Answering paragraphs 25-26, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

22.     Answering paragraph 27, Defendants admit Plaintiff has exhausted his administrative remedies as to grievance number IC-15-0413.

23.     Answering paragraph 28, Defendants deny. See Defendants responses in number 11 to paragraph 10 and number 12 to paragraph 11.

24.     Answering paragraph 29, Defendants admit Defendants Field, McClusky, and Wilson were members of the Board at all times relevant to the Complaint. Defendants deny any constitutional violations.

25.     Answering paragraph 30, Defendants admit Docket 2-1, p. 1, is a notarized letter from Plaintiff Joyner to Governor Otter, Idaho Attorney General Lawrence Wasden, Idaho State Board of Correction, and Idaho Department of Correction Director Kempf, the content of which speaks for itself. Defendants deny any allegations contained therein. Defendants deny they failed to protect Plaintiffs' rights.

26.     Answering paragraph 31, Defendants admit.

27.     Answering paragraph 32, Defendants deny.

28.     Answering paragraphs 33-46, Plaintiff Ash was released from custody on November 20, 2015, rendering all allegations by Plaintiff Ash moot, therefore, no response is required. To the extent a response is necessary, Defendants either deny or are without sufficient information to confirm or deny the allegations, and therefore, deny.

29.     Answering paragraph 47, Defendants admit Plaintiff fletcher was housed at ISCI from November 14, 2013, until December 2, 2013.

30.     Answering paragraph 48, Defendants admit.

31.     Answering paragraph 49-50, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

32.     Answering paragraph 51, Defendants admit Plaintiff Fletcher was moved to ICIO on January 3, 2014. As to any remaining statements, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

33.     Answering paragraph 52, Defendants admit Plaintiff Fletcher was moved to ISCI on January 14, 2014. As to any remaining statements, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

34.     Answering paragraph 53-54, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

35.     Answering paragraph 55, Defendants admit Plaintiff Fletcher was moved to ISCC on April 24, 2014. As to any remaining statements, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

36.     Answering paragraph 56, Defendants are without sufficient knowledge or information necessary to confirm or deny the matters asserted, and therefore, deny.

37.     Answering paragraph 57, Defendants admit Plaintiff Fletcher submitted grievance number IC-00850 regarding his request to review his medical records. If further response is required, Defendants deny.

38.     Answering paragraph 58, Defendants admit Defendants Field, McClusky, and Wilson were members of the Board at all times relevant to the Complaint. Defendants deny any constitutional violations.

39.     Answering paragraph 59, Defendants admit Docket 2-1, p. 1, is a notarized letter from Plaintiff Joyner to Governor Otter, Idaho Attorney General Lawrence Wasden, Idaho State Board of Correction, and Idaho Department of Correction Director Kempf, the content of which

speaks for itself. Defendants deny any allegations contained therein. Defendants deny they failed to protect Plaintiffs' rights.

40.     Answering paragraph 60, Defendants admit.

41.     Answering paragraph 61, Defendants deny.

STATEMENT OF CLAIM

42.     Answering paragraph 62, Defendants admit Defendant Siegert is employed by the Idaho Department of Correction as the Healthcare Services Director. Defendants admit Defendants Field, McClusky, and Wilson were members of the Board at all times relevant to the Complaint. Defendants deny the allegations in this section.

STATEMENT OF FACTS

43.     Answering paragraphs 63-64, Defendants deny.

DAMAGES OR INJURIES

44.     Answering paragraphs 65, Defendants deny.

PREVIOUS OR PENDING LAWSUITS

45.     Answering paragraphs 66-70, Defendants lack sufficient knowledge or information necessary to confirm or deny the matters asserted in this section, and therefore presently deny the same.

PRAYER FOR RELIEF

46.     Answering paragraphs 71-76, Defendants deny any allegations in this section. Defendants deny Plaintiffs are entitled to the relief stated herein.

<u>REQUEST FOR APPOINTMENT OF ATTORNEY</u>

47.     Answering paragraph 77, pursuant to the Court's Initial Review Order (Dkt. 15), Plaintiffs' request for appointment of an attorney was denied. If a response is required, Defendants deny.

**<u>ATTACHMENTS TO CIVIL RIGHTS COMPLAINT (DKT. 2-1)</u>**

48.     Defendants admit Docket 2-1, p. 1, is a notarized letter from Plaintiff Joyner to Governor Otter, Idaho Attorney General Lawrence Wasden, Idaho State Board of Correction, and Idaho Department of Correction Director Kempf, the content of which speaks for itself. Defendants deny any allegations contained therein.

49.     Defendants admit Docket 2-1, p. 2, is a memorandum from Deputy Attorney General Mark Kubinski responding to Plaintiff Joyner's letter on behalf of the Board and Director Kempf, the contents of which speaks for itself.

**<u>ATTACHMENTS TO CIVIL RIGHTS COMPLAINT (DKT. 8-1)</u>**

50.     Defendants admit Docket 8-1 are copies of grievances submitted by Plaintiffs Joyner, Fletcher and Veenstra, the contents of which speak for itself. To the extent any allegations are contained therein, Defendants deny.

**<u>SUPPLEMENTAL PRISONERS' CIVIL RIGHTS COMPLAINT (DKT. 23)</u>**

<u>JURISDICTION</u>

51.     Answering paragraph 1, Defendants acknowledge that this Court has jurisdiction over properly pled matters involving 28 U.S.C. § 1983.   However, in making this acknowledgement, Defendants do not admit that any such matters are actually properly pled in the Complaint, or the facts set forth in the Complaint actually justify the exercise of such

jurisdiction.  Defendants deny that the Court should exercise supplemental jurisdiction, as no state law claims have been raised against Defendants.

PARTIES

52.    Answering paragraph 2, Defendants admit.

53.    Answering paragraph 3, Defendants admit Plaintiff Veenstra was a Balla class representative.

54.    Answering paragraph 4, Defendants admit.

55.    Answering paragraph 5, Defendants admit Balla class representatives at ISCI utilize a form for other inmates to authorize the class representatives to discuss an inmate's personal health information. Defendants admit a copy of the authorization form has been inserted into the Complaint, the content of which speaks for itself. Defendants deny any allegations contained therein.

56.    Answering paragraph 6-7, Defendant Siegert admits receiving and providing a response to a concern form from Plaintiff Veenstra, the contents of which speak for itself. To the extent any allegations are contained therein, Defendants deny.

57.    Answering paragraph 8, Defendants admits Plaintiff Veenstra has exhausted his administrative remedies as to grievance number 150001219. If further response is required, Defendants deny.

58.    Answering paragraph 9, Defendants deny.

59.    Answering paragraphs 10-18, Defendants lack sufficient knowledge or information necessary to confirm or deny the matters asserted in this section, and therefore presently deny the same.

60.     Answering paragraph 19, Defendants lack sufficient knowledge or information necessary to confirm or deny the matters asserted in this section, and therefore presently deny the same.

61.     Answering paragraph 20, Defendants deny.

62.     Answering paragraph 21, Defendants admits Plaintiff Veenstra has exhausted his administrative remedies as to grievance number 150001219.

<u>INTRODUCTION TO DEFENDANTS</u>

63.     The court previously granted Plaintiffs' ability to pursue their claims against Defendants Field, McClusky, and Wilson. *See* Docket No. 19. Any factual allegations in this section of the Complaint are presented as an improper narrative, which does not require a formal response. To the extent a response is required, Defendants deny. Plaintiffs' have also asserted claims against Robin Sandy and J.R. Vantassel, Jr. who are not parties to this action. To the extent a response is necessary, Defendants deny all allegations.

64.     Answering paragraph 22, Defendants admit Defendants Field, McClusky, and Wilson were members of the Idaho Board of Correction at all times relevant to the Complaint. Defendants deny any allegations in this paragraph.

65.     Answering paragraph 23, these allegations are against individuals who are not parties to this action. To the extent a response is necessary, Defendants deny.

66.     Answering paragraph 24, Defendants this paragraph contains what appears to be a letter dated November 3, 2015, from Plaintiff Veenstra to the Idaho State Board of Correction, the contents of which speaks for itself. To the extent any allegations are contained therein, Defendants deny.

67.     Answering paragraph 25, Defendants admit Defendant Siegert is employed by the Idaho Department of Correction as the Healthcare Services Director. Defendants admit Defendants Field, McClusky, and Wilson were members of the Board at all times relevant to the Complaint. Defendants deny the allegations in this section.

STATEMENT OF FACTS

68.     Answering paragraph 26, Defendants deny.

DAMAGES OR INJURIES

69.     Answering paragraph 27, Defendants deny.

PRAYER FOR RELIEF

70.     Answering paragraphs 28-30, Defendants deny any allegations in this section. Defendants deny Plaintiffs' are entitled to the relief stated herein.

**AFFIRMATIVE DEFENSES**

Defendants have not been able to engage in sufficient discovery to learn all of the facts and circumstances relating to the matters described in the Complaint and therefore request the Court to permit Defendants to amend this Answer and assert additional affirmative defenses or abandon affirmative defenses when discovery is completed.

**FIRST AFFIRMATIVE DEFENSE**

That Plaintiffs' Complaint fails to state a cause of action against Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

That the allegations contained in Plaintiffs' Complaint do not rise to the level of a deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in Plaintiffs' Complaint.

## THIRD AFFIRMATIVE DEFENSE

That Plaintiffs' causes of action for declaratory and injunctive relief are not ripe.

## FOURTH AFFIRMATIVE DEFENSE

That Defendants are not liable for any injury caused by the act or omission of another person under the theory of *respondeat superior.*

## FIFTH AFFIRMATIVE DEFENSE

That the allegations contained in Plaintiffs' Complaint regarding their actions for declaratory and injunctive relief are based upon mere speculation and there is insufficient evidence that any future event complained of will or will not occur.

## SIXTH AFFIRMATIVE DEFENSE

That the allegations contained in Plaintiffs' Complaint regarding their actions for declaratory and injunctive relief do no show or allege the sufficient likelihood of future injury or irreparable harm.

## SEVENTH AFFIRMATIVE DEFENSE

That the allegations contained in Plaintiffs' Complaint regarding their Complaint for declaratory and injunctive relief do not allege or show sufficient evidence of the existence of a reasonable likelihood of success.

ANSWER - 12

## EIGHTH AFFIRMATIVE DEFENSE

That the allegations contained in Plaintiffs' Complaint regarding their request for declaratory and injunctive relief do not show or sufficiently allege the existence of immediate or irreparable injury.

## NINTH AFFIRMATIVE DEFENSE

That Defendants acted in a reasonable and prudent fashion satisfying any duty, if any, that they owed under the rules, regulations, statutes, ordinances, customs, policies and usages of the State of Idaho and/or the United States of America.

## TENTH AFFIRMATIVE DEFENSE

That, to the extent that Plaintiffs are asserting any claims based upon state law, Defendants request that this Court abstain from deciding such matters.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are asserting state law claims against Defendants, such claims are barred by the failure of Plaintiffs to comply with the Idaho Tort Claims Act.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are asserting state law claims, the liability, if any, of Defendants for any state law claims or causes of action is limited pursuant to the provisions of the Idaho Tort Claims Act.  In asserting this defense, Defendants are in no way conceding or admitting liability.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are asserting state law claims against Defendants, some of such claims are barred since they arise out of and/or stem from activities for which Defendants are immune from liability by virtue of the provisions of the Idaho Tort Claims Act.

### FOURTEENTH AFFIRMATIVE DEFENSE

That the acts or omissions complained of by Plaintiffs did not arise as a result of, nor was there any agreement, understanding or policy or procedure which deprived Plaintiffs of any civil rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

That Defendants are immune from liability because the acts or omissions complained of, if any, were done by said Defendants in good faith, with honest, reasonable belief that such actions were necessary and constitutionally proper.

### SIXTEENTH AFFIRMATIVE DEFENSE

That Defendants are immune, or have qualified immunity, to the allegations contained in Plaintiffs' Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiffs' claims are barred by the doctrine of mootness.

### EIGHTEENTH AFFIRMATIVE DEFENSE

That Plaintiffs' damages, if any, were not the result of any unconstitutional policy.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants' actions or inactions did not violate the Plaintiffs' Due Process or Equal Protection rights or any other constitutional right.

### TWENTIETH AFFIRMATIVE DEFENSE

None of Defendants' actions or inactions were the proximate cause of any injuries, losses or damages to plaintiffs.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants did not violate any rights or privileges of Plaintiff that are protected by law.

ANSWER - 14

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Idaho Code § 74-113.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

That Defendants are entitled to all general immunities, statutory or otherwise applicable.

## JURY DEMAND

Defendants, pursuant to Rule 38(b) of the Idaho Rules of Civil Procedure, hereby demand a trial by jury of Plaintiff(s)' action for damages.

## ATTORNEY FEES

Defendants have been required to retain attorneys in order to defend this action and are entitled to recover reasonable attorney fees pursuant to federal and state law and applicable Rules of Civil Procedure.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereunder.

2. That Defendants be awarded their costs, including reasonable attorney's fees, pursuant to 42 U.S.C. §§ 1983 and 1988 and Federal Rule of Civil Procedure 54.

3. That judgment be entered in favor of Defendants on all claims for relief.

4. For such other and further relief as the Court deems just and equitable under the circumstances.

Respectfully submitted this 1st day of February, 2016.


By: _____/s/ Karin Magnelli_____
       KARIN MAGNELLI
       Deputy Attorney General
       Counsel for Defendants

ANSWER - 15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February, 2016, I caused to be served a true and correct copy of the foregoing *Answer* by the following method to:

Albert Pete Veenstra, III, #21864
ISCC, S-13-C
P.O. Box 70010
Boise, Idaho 83707

☐ U.S. Mail
☐ Certified Mail, Return Receipt Requested
☒ Inmate Mail

Miguel Charles Joyner, #24330
ISCC, S-6-C
P.O. Box 70010
Boise, Idaho 83707

☐ U.S. Mail
☐ Certified Mail, Return Receipt Requested
☒ Inmate Mail

Jeffrey Boyd Ash, #107954
ISCC, S-18-B
P.O. Box 70010
Boise, Idaho 83707

☐ U.S. Mail
☐ Certified Mail, Return Receipt Requested
☒ Inmate Mail

William Jermain Fletcher, #109593
ISCC, S-10-C
P.O. Box 70010
Boise, Idaho 83707

☐ U.S. Mail
☐ Certified Mail, Return Receipt Requested
☒ Inmate Mail

/s/ Karin Magnelli
KARIN MAGNELLI

ANSWER - 16