UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT PETE VEENSTRA III, MIGUEL CHARLES JOYNER, JEFFREY BOYD ASH, and WILLIAM JERMAINE FLETCHER,<br><br>Plaintiffs,<br><br>v.<br><br>IDAHO STATE BOARD OF CORRECTION, et al.,<br><br>Defendants. | Case No. 1:15-cv-00270-EJL<br><br>**ORDER** |

    Plaintiffs are prisoners in the custody of the Idaho Department of Correction ("IDOC"). Plaintiffs filed the instant civil rights action in July 2015, asserting that prison officials have unlawfully refused to allow Plaintiffs to access their medical records. The Court reviewed the Complaint pursuant to 28 U.S.C. § 1915A, determined that it stated a plausible claim for relief, and allowed Plaintiffs to proceed on their claims under 42 U.S.C. § 1983. (Dkt. 15.) Because Plaintiffs demonstrated "some likelihood of success" on their claims and because the issues in this case are novel, the Court later granted in part Plaintiffs' motion for appointment of counsel. (Dkt. 43 at 3.) The motion was granted to the extent that the Court would attempt to find pro bono counsel to represent

**ORDER - 1**

Plaintiffs. (*Id*. at 4.) The Court did not grant in full the motion for the appointment of counsel and did not guarantee that counsel would ultimately be appointed.

The Court's search for pro bono counsel was unsuccessful. In November 2016, the Court found that because Plaintiffs' likelihood of success was not substantial, it was "improbable that the Court will succeed in finding pro bono counsel for Plaintiffs in the near future. Thus, although the Court will continue its search for pro bono counsel . . . , this case must move forward in its current state." (Dkt. 47 at 2.) The Court issued an amended scheduling order and ordered Plaintiffs to litigate the case without counsel. (*Id*.) The Court has continued its attempts to find pro bono counsel for Plaintiffs, but those attempts have all failed.

Plaintiff Veenstra has now filed a "Motion for Leave to File Motion for Court to Exercise its Inherent Authority and Compel an Officer of the Court, an Attorney, to Represent Plaintiffs and Motion to Suspend Scheduling Order." (Dkt. 54.) Plaintiff relies on the Fifth Circuit's decision in *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015), which held that a district court has inherent authority to compel an attorney to represent indigent plaintiffs in a civil case, without compensation. Plaintiff Veenstra asks this Court to order an attorney to represent Plaintiffs pro bono.

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional

**ORDER - 2**

circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1990).

The United States Supreme Court has held that federal courts do not have the authority to compel representation of indigent civil litigants under 28 U.S.C. § 1915, the in forma pauperis statute. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). However, *Naranjo* distinguished *Mallard*, concluding that although the in forma pauperis statute itself did not allow for compulsory appointments of counsel, a federal court does have the inherent authority to compel representation without compensation. 809 F.3d at 802.

In *Naranjo*, the Fifth Circuit determined that, once exceptional circumstances have been found, a district court must consider whether to compel an attorney to represent the indigent litigant. *Id*. The court based its decision on the authority inherently possessed by the federal courts simply by means for their creation pursuant to Article III of the Constitution. Additionally, because the authority to command representation without compensation in criminal cases is "grounded in necessity"—as is the case with appointment of counsel in civil cases—*Naranjo* held that courts possess that same authority in civil cases. *Id.* at 803.

The Court has considered *Naranjo* and finds its reasoning unpersuasive for two primary reasons. First, a court's authority to compel representation in criminal cases stems not only from the Court's inherent Article III power, but also from the

**ORDER - 3**

constitutional right to counsel in criminal cases. No similar right exists in civil cases where the litigant's physical liberty is not at stake. *Lassiter*, 452 U.S. at 25. *Naranjo*'s analogy between civil and criminal cases therefore breaks down. Second, if the federal courts had inherent authority to compel representation without compensation in ordinary civil matters, there would have been no reason for Congress to include, in the in forma pauperis statute, the provision stating a court "may request" an attorney to represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1). Therefore, the Court disagrees with *Naranjo* and hold that it does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.

Finally, even if the Court did have the inherent authority to make a compulsory appointment in a civil case, it would not do so in this case. *Naranjo* did not hold that anytime a court finds exceptional circumstances, it must appoint counsel under its inherent authority. Rather, *Naranjo* held that a district court must *consider* that option. 809 F.3d at 804 ("We hold that, where a district court has determined that exceptional circumstances warrant appointment of counsel and has unsuccessfully attempted to secure a non-compulsory appointment, the court *may* invoke its inherent power to order an attorney to represent an indigent civil rights litigant *pro bono*.") (emphasis added); *see also id.* at 802 (holding that "the district court abused its discretion by not *considering* that option.") (emphasis added).

Although the Court found that Plaintiffs have "some" likelihood of success on the merits of their claims (Dkt. 43 at 3), it also expressly stated that those claims "face an uphill battle" and that Plaintiffs' likelihood of success was not substantial (Dkt. 15 at 8;

**ORDER - 4**

Dkt. 47 at 2). Therefore, even if this Court possessed the inherent authority to compel pro bono representation of indigent civil litigants, it would not exercise that authority in this case.

## ORDER

**IT IS ORDERED:**

1. Plaintiff Veenstra's Motion for Leave to File Motion for Court to Exercise its Inherent Authority and Compel an Officer of the Court, an Attorney, to Represent Plaintiffs and Motion to Suspend Scheduling Order (Dkt. 54) is DENIED.

2. Plaintiff Veenstra's Motion for Leave to File for Ex Parte Motion for Expedited Ruling Re: Plaintiffs [sic] Motion for Court to Exercise its Inherent Authority (Dkt. 56) is MOOT.

DATED: May 4, 2017

Edward J. Lodge
United States District Judge

**ORDER - 5**